UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THOMAS SINGLETON<br>AND KATHY SINGLETON<br><br>VERSUS<br><br>STATE FARM FIRE AND<br>CASUALTY COMPANY | CIVIL ACTION<br><br>NO. 07-4345<br><br>SECTION "K" (5) |

## ORDER AND REASONS

Before this Court is Plaintiffs' motion for partial summary judgment. Rec. Doc. 18. The Motion is opposed. Rec. Doc. 21. The motion came for hearing without oral argument on July 9, 2008, and was submitted on the briefs. For the following reasons, the motion is denied.

**I.   BACKGROUND**

This action involves an insurance dispute between the parties relative to a property located at 6373 Bellaire Drive in New Orleans, Louisiana. The policy at issue is Deluxe Homeowners Policy bearing policy number 18-R247-206. The policy was issued by State Farm Fire and Casualty Company.

For the flood damage to the home and contents caused by Hurricane Katrina, State Farm paid their flood policy limits of $255,000. Under the homeowners' policy, State Farm initially paid $12,904.18 for damages to the structure, $731 for food loss, and $2,983.14 for ALE during the prohibited use period for mandatory evacuation. After an April 2008, reinspection of the property, State Farm tendered an additional $21,632.46 for damage to the dwelling under the homeowner's coverage.

Plaintiffs filed the instant motion arguing that the amounts tendered by State Farm under the homeowners' policy are inadequate given the evidence that has been presented to State Farm. Plaintiffs submit that State Farm owes them additional coverages for contents loss. At issue in this

motion is the $40,000.00 claim for contents damage in the dining room and hallway bathroom. Plaintiffs submit it is undisputed that the ceiling in these areas collapsed due to water leaks in the roof which in turn caused the loss of contents in these two rooms. Thus, they urge that the undisputed facts show that the damage to the contents was caused by wind and therefore, is covered under the policy entitling it to the amounts requested. Plaintiffs also claim they are entitled to judgment as a matter of law on the ALE claim because they were displaced due to damage to their home caused by wind and they incurred significant expenses while being displaced.

State Farm counters that plaintiffs have failed to carry their burden in showing that their loss was caused by a windstorm. Further, State Farm contends that the some of items which plaintiffs request coverage are not "contents" and, therefore, would not be covered by that portion of the policy even if damaged by a windstorm. State Farm argues that plaintiffs have not submitted any evidence to demonstrate that wind damage alone made plaintiffs' house uninhabitable. Therefore, a genuine issue of fact exists as to whether plaintiffs are entitled to ALE coverage under the homeowners' policy.

## III.   LAW AND ANALYSIS

Summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FRCP 56(c). The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655-56 (5th Cir. 1996). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. *Corp. v. Catrett*, 477 U.S. 317, 322-23

(1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. *Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir. 1992). Rather, the non-movant must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. *Id.* In evaluating the summary judgment motion, the court must read the facts in the light most favorable to the non-moving party. *Id.*

Based upon the evidence presented to this Court, there are a number of fact issues in dispute requiring summary judgment be denied at this time. The policy at issue did not cover flood damage. There are fact issues remaining including, but not limited to, whether the contents loss sustained as well as the ALE loss sustained were caused due to flood or windstorm damage. The evidence on causation is not conclusive for either party. Additionally, there are issues of fact remaining regarding the extent of and the value of the damaged items. Such issues preclude this Court from finding as a matter of law that plaintiffs are owed additional proceeds for contents and additional living expenses under the applicable policy. Plaintiffs' motion is therefore denied.

Accordingly,

**IT IS ORDERED** that the plaintiffs' motion for summary judgment (Rec. Doc. 18) is **DENIED.**

New Orleans, Louisiana this 26th day of August, 2008

_____
**UNITED STATES DISTRICT JUDGE
STANWOOD R. DUVAL, JR.**